IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

DOUGLAS P. LEITE and MARY ANN )  CIVIL NO. 11-00636 JMS/RLP
K. LEITE,                     )
                              )  ORDER GRANTING PLAINTIFFS'
          Plaintiffs,         )  MOTION FOR LEAVE TO TAKE
                              )  AN INTERLOCUTORY APPEAL
     vs.                      )  FROM ORDER DATED 4/16/12
                              )
CRANE COMPANY, a Delaware     )
Corporation, et al.,          )
                              )
          Defendants.         )
_____ )

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE AN INTERLOCUTORY APPEAL FROM ORDER DATED 4/16/12

### I. INTRODUCTION

The court grants Plaintiffs Douglas and Mary Leite's ("Plaintiffs")

Motion for Leave to Take an Interlocutory Appeal on a question that has sharply

and consistently divided many courts throughout the country -- whether a

defendant who supplied products containing asbestos to the U.S. Navy may

remove the action from state court on the basis of the federal officer removal

statute, 28 U.S.C. § 1442(a)(1). In this court's view, permitting an interlocutory

appeal would clearly serve the interests of justice by avoiding protracted and

expensive litigation not only in this case, but also in many other cases already filed

in this district and potentially scores of follow-on cases. That is, a resolution in

this case by the Ninth Circuit will have substantial precedential value to a large number of other cases.

Plaintiffs filed this action on September 6, 2011 in the First Circuit Court of the State of Hawaii asserting claims against eighteen Defendants that manufactured, sold and/or supplied various products containing asbestos to the United States Navy.  As alleged in the Complaint, Douglas Leite was exposed to asbestos contained in Defendants' products while working as a machinist at the Pearl Harbor Naval Shipyard from 1966 to 1972, causing him to develop asbestos-related diseases.  As to those Defendants that supplied asbestos products, the Complaint asserts claims for failure to warn.

On October 21, 2011, Defendant Crane Company ("Crane"), a supplier of asbestos products, removed the action to this court pursuant to 28 U.S.C. § 1442(a)(1), which allows removal where a defendant can establish a colorable federal defense.  In response, Plaintiffs filed their Motion to Remand, arguing that Defendants failed to establish two necessary elements of the defense -- (1) a colorable federal defense and (2) a causal nexus between their actions, taken pursuant to a federal officer's directions.  On January 23, 2012, Magistrate Judge Richard L. Puglisi entered his Findings and Recommendation to grant Plaintiffs' Motion for Remand (the "January 23 F&R"), finding that Defendants

had not established these elements.

Several Defendants objected to the January 23 F&R, and on April 16, 2012, the court entered its Order (1) Sustaining Objections to the January 23 F&R; and (2) Denying Motion for Remand (the "April 16 Order"). The April 16 Order recognized that the parties' arguments had already been presented to numerous courts in other asbestos cases, which had come to different conclusions regarding a defendant's evidentiary burden and whether a defendant can establish the defense by presenting evidence that the government exercised some amount of discretion in determining what warnings to include, or must present evidence that the government actually considered and prevented the defendant from including an asbestos warning. After a lengthy analysis, the court ultimately determined that Defendants properly removed this action pursuant to § 1442(a)(1). In particular, the court found admissible Defendants' expert affidavits asserting that the Navy would not have allowed warnings, and explained that this evidence was sufficient to establish a colorable federal defense.

Plaintiffs filed their Motion for Leave to Take an Interlocutory Appeal from the April 16 Order on May 1, 2012. Defendant Crane filed its Opposition on May 16, 2012, and Plaintiffs filed their Reply on May 24, 2012. The other asbestos actions pending before this court are in various stages of briefing on the

3

removal issue, and are awaiting resolution in this action.   Based on the following, the court GRANTS Plaintiffs' Motion.

## II. <u>ANALYSIS</u>

Plaintiffs seek an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which provides a means for litigants to bring an immediate appeal of a non-final order with the consent of both the district court and the court of appeals. Pursuant to § 1292(b), a district court may certify an order for interlocutory appeal if the movant establishes that (1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.[1]

A movant seeking an interlocutory appeal has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of

---

[1] Section 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.  The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order:  *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978); *see also James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly."); *Pac. Union Conference of Seventh-Day Adventists v. Marshall*, 434 U.S. 1305, 1309 (1977) ("The policy against piecemeal interlocutory review other than as provided for by statutorily authorized appeals is a strong one." (citations omitted)).  Indeed, § 1292(b) is used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam)).  Based on the following, the court finds that Plaintiffs have met this heavy burden.

### 1.  *Substantial Grounds for Difference of Opinion*

The Ninth Circuit recently described the "substantial grounds for difference of opinion" requirement as follows:

> To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear.  Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the

5

> circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented."
> 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted).  However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal."  *Id*. (footnotes omitted).

*Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

At issue in the April 16 Order was whether Defendants carried their burden of establishing removal pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1), and in particular whether Defendants established (1) a colorable federal defense and (2) a causal nexus between their actions, taken pursuant to a federal officer's directions.  In support of removal, Defendants submitted the affidavits -- as they have in many other similar cases throughout the country -- of Rear Admirals Roger B. Horne Jr. and David P. Sargent and Dr. Samuel P. Forman, which assert that the Navy would not have allowed Defendants to include asbestos warnings with their products and manuals.  These affidavits and the parties' arguments presented several legal issues dispositive of the removal issue, including the evidentiary burden a defendant must carry in establishing a colorable federal defense, and whether a defendant can establish the defense by presenting evidence that the government exercised some amount of discretion in

determining what warnings to include.

The same affidavits and issues have been presented in each of the twelve actions pending in this court, and these same and/or similar affidavits have been previously presented in numerous other actions.  Despite presenting common facts, numerous district court cases that have addressed these same issues and/or evidence, and reached different decisions.  Cases denying remand include the multidistrict asbestos litigation, *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770 (E.D. Pa. 2010) (finding that the Horne affidavit, among others, supported the federal contractor defense), as well as, for example:

- *Najolia v. Northrop Grumman Ship Sys.*, 2012 WL 1886119 (E.D. La. May 23, 2012) (addressing Horne affidavit);

- *Brantley v. Borg-Warner Morse Tec, Inc.*, 2012 WL 1571129 (S.D. Cal. May 3, 2012) (same);

- *Ellis v. Pneumo Abex Corp.*, 798 F. Supp. 2d 985 (C.D. Ill. 2011) (discussing affidavits of Rear Admirals Horne and Sargent);

- *Morgan v. Bill Vann Co.*, 2011 WL 6056083 (S.D. Ala. Dec. 6, 2011) (same);

- *Beckwith v. Gen. Elec. Co.*, 2010 WL 1287095 (D. Conn. Mar. 30, 2010) (discussing affidavits of Rear Admirals Horne and Sargent and Dr. Forman);

- *Allen v. Gen. Elec. Co.*, 2010 WL 918305 (D. Conn. Mar. 9, 2010) (same);

- *Kotecki v. Buffalo Pumps, Inc.*, 2009 WL 2253169 (D. Conn. July 28, 2009) (same);

- *Seigfried v. Allegheny Ludlum Corp.*, 2009 WL 1035001 (W.D. Pa. Apr. 17,

2009) (discussing affidavits of Rear Admirals Horne and Sargent and Dr. Forman);

- *O'Connell v. Foster Wheeler Energy Corp*., 544 F. Supp. 2d 51 (D. Mass. 2008) (discussing affidavits of Rear Admirals Horne and Sargent and Dr. Forman); and

- *Harris v. Rapid Am. Corp*., 532 F. Supp. 2d 1001, 1004 (N.D. Ill. 2007) (explaining that the defendants "support removal with affidavits concerning past policies and practices of the U.S. Navy").

Cases granting remand include, for example:

- *Ruppel v. A.O. Smith Corp*., 2012 WL 1389703 (S.D. Ill. Apr. 20, 2012)

- *Francis v. Union Carbide Corp*., 2011 WL 6180061 (E.D. La. Dec. 13, 2011);

- *Glein v. Boeing Co.*, 2011 WL 537987 (S.D. Ill. Feb. 8, 2011) (addressing affidavits of Navy experts);

- *Lindenmayer v. Allied Packing & Supply, Inc.*, 2010 WL 234906, at *6 (N.D. Cal. Jan. 14, 2010) (same);

- *Cardaro v. Aerojet Gen. Corp.*, 2010 WL 3488207 (E.D. La. Aug. 27, 2010) (discussing affidavits of Rear Admirals Horne and Sargent and Dr. Forman);

- *Moore v. Asbestos Defendants (B*P)*, 2010 WL 2650487, at *4 (N.D. Cal. July 1, 2010) (addressing affidavits of Navy experts);

- *Prewett v. Goulds Pumps (IPG)*, 2009 WL 2959877, at *7 (W.D. Wash. Sept. 9, 2009) (same);

- *Holdren v. Buffalo Pumps, Inc.*, 614 F. Supp. 2d 129 (D. Mass. 2009) (discussing affidavits of Rear Admirals Horne and Sargent and Dr. Forman);

- *Hilbert v. McDonnell Douglas Corp*., 529 F. Supp. 2d 187 (D. Mass. 2008) (addressing affidavits of Navy experts); and

- *Epperson v. Northrop Grumman Sys. Corp.*, 2006 WL 90070 (E.D. Va. Jan. 11, 2006) (same).[2]

This split shows how close these issues are -- even when courts are presented with the substantially the same record and legal arguments, they have come to opposite conclusions.  Indeed, in this case alone, the January 23 F&R came to the opposite conclusion as the April 16 Order based on the same record and caselaw.

And these same arguments and evidence have been submitted -- and will most certainly continue to be submitted -- in support of the numerous asbestos cases that have been and will be removed to this court.  *See, e.g.*, *Nelson v. Crane Co.*, Civ. No. 11-00400 LEK-KSC (D. Haw.); *Akau v. Crane Co.*, Civ. No. 11-00637 JMS-RLP (D. Haw.); *Thompson v. Crane Co.*, Civ. No. 11-00638 LEK-RLP (D. Haw.); *Schriner v. Crane Co.*, Civ. No. 11-00769 JMS-RLP (D. Haw.); *Robinson v. Crane Co.*, Civ. No. 11-00776 LEK-RLP (D. Haw.) *Selitto v. Crane Co.*, Civ. No. 12-00030 LEK-RLP (D. Haw.); *Blevins v. Crane Co.*, Civ. No. 12-

---

[2] That only district courts -- and no circuit courts -- have addressed removal pursuant to the federal contractor defense is simply a function of recent legislation.  Orders granting remand were non-appealable until November 9, 2011 when Congress amended the removal statutes to provide that orders on removal petitions under § 1442 are appealable as of right.  *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

00055 JMS-RLP (D. Haw.); *Felimer v. Crane Co.*, Civ. No. 12-00106 LEK-KSC (D. Haw.); *Nonies v. Crane Co.*, Civ. No. 12-00107 LEK-KSC (D. Haw.); *Capati v. Crane Co.*, Civ. No. 12-00120 JMS-BMK (D. Haw.); *Calbero v. Crane Co.*, Civ. No. 12-00131 LEK-BMK (D. Haw.).  Until the Ninth Circuit answers the questions raised in the April 16 Order, the court fully expects parties in these cases and those to come to continue to argue these issues.[3]

In opposition, Crane argues that *Getz v. Boeing Co.*, 654 F.3d 852 (9th Cir. 2011), controls the issues presented and in particular stands for the proposition that a defendant need not establish that the government specifically prohibited asbestos warnings.  As explained in the April 16 Order, the court certainly agrees that *Getz* is helpful defining the federal contractor defense in the failure-to-warn context -- it explains that the focus of the analysis is on "government discretion, rather than dictation" such that the defense is not limited "to cases in which the government specifically forbids warnings altogether or to instances where the government specifically explicitly dictates the content of the warnings adopted." *Id.* at 860.  But as a three-judge court, *Getz* does not -- and cannot -- overrule earlier three-judge Ninth Circuit decisions requiring that governmental approval

---

[3]  At an April 24, 2012 joint status conference of all currently-pending asbestos actions in the District of Hawaii, Plaintiffs' counsel represented that additional similar failure-to-warn asbestos actions will be filed in Hawaii state court.

(or disapproval) of particular warnings "conflict" with the contractor's "duty to warn under state law." *See Butler v. Ingalls Shipbuilding, Inc.*, 89 F.3d 582, 586 (9th Cir. 1996); *In re Haw. Fed. Asbestos Cases*, 960 F.2d 806, 813 (9th Cir. 1992). Thus, whether this "conflict" is met in this case (and all the other failure-to-warn cases filed and/or to be filed in this court and circuit) remains an open question despite *Getz*.[4]

That *Getz* does not answer the issues in this action is confirmed by the fact that district courts continue to disagree in the face of this same guidance provided in other circuits. Specifically, *Getz* joined other circuits in rejecting that failure-to-warn cases require "that the government 'prohibit' warnings altogether or 'dictate' the contents of the warnings actually incorporated." *See Leite v. Crane Co.*, 2012 WL 1277222, at *5 (D. Haw. April 16, 2012) (quoting *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1004 n.8 (7th Cir. 1996)) (citing *Tate v. Boeing Helicopters*, 140 F.3d 654, 658 (6th Cir. 1998)). Yet in the Seventh Circuit, district courts continue to come to opposite conclusions regarding whether removal is appropriate. *Compare Ruppel v. A.O. Smith Corp.*, 2012 WL 1389703 (S.D. Ill. Apr. 20, 2010) (granting motion to remand), *with Ellis*, 798 F. Supp. 2d 985

---

[4] And in any event, *Getz* does not address the removal standard and leaves open the argument whether removal defendants can establish a colorable federal defense based on arguably speculative expert affidavits.

(denying motion to remand).  Thus, *Getz* certainly does not conclusively answer the removal question and courts will continue to come to different conclusions as to whether defendants have properly removed these asbestos actions.  The court therefore finds that there are substantial grounds for a difference of opinion on the issues presented in the April 16 Order.

### 2. *Controlling Question of Law*

Whether an interlocutory appeal presents a "controlling question of law" raises two questions -- whether the issue is "controlling," and whether the issue is one of law as opposed to one of fact.

As to whether an issue is "controlling," "all that must be shown in order . . . is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  *In re Cement*, 673 F.2d at 1026 (citing *U.S. Rubber Co.*, 359 F.2d at 785).  Questions of law appropriate for interlocutory appeal include "the determination of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied."  *Id.*

As to whether an interlocutory appeal raises a "question of law," the Ninth Circuit has not precisely defined this term, but "several other courts have concluded a 'question of law' under § 1292(b) means a 'pure question of law'

rather than a mixed question of law and fact or the application of law to a particular

set of facts." *Chehalem Physical Therapy, Inc. v. Coventry Health Care, Inc.*,

2010 WL 952273, at *3 (D. Or. Mar. 10, 2010) (collecting cases); *see also*

*McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (stating

that "§ 1292(b) appeals were intended, and should be reserved, for situations in

which the court of appeals can rule on a pure, controlling question of law without

having to delve beyond the surface of the record in order to determine the facts");

*Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000) ("The

idea [behind § 1292] was that if a case turned on a pure question of law, something

the court of appeals could decide quickly and cleanly without having to study the

record, the court should be enabled to do so without having to wait till the end of

the case."); *Keystone Tobacco Co. v. U.S. Tobacco Co.*, 217 F.R.D. 235, 239 (D.

D.C. 2003) (When "the crux of an issue decided by the court is fact-dependent, the

court has not decided a 'controlling question of law' justifying immediate

appeal.").

   The April 16 Order determined that the court has jurisdiction over this

action, which certainly is a "controlling" issue for purposes of 28 U.S.C.

§ 1292(b).  *See In re Cement*, 673 F.2d at 1026; *see, e.g.*, *Lee v. Am. Nat'l Ins. Co.*,

260 F.3d 997, 1000 (9th Cir. 2001) (addressing interlocutory appeal of denial of

motion to remand); *Regal Stone Ltd. v. Longs Drug Stores Cal., L.L.C.*, 2012 WL 1595070, at *2 (N.D. Cal. May 4, 2012) (finding that denial of motion to remand raises a controlling issue because "[r]esolution of that issue on appeal will determine whether the litigation continues in the district court at all").

The court further finds that the April 16 Order addressed issues of law including the evidentiary burden a defendant must carry in establishing a colorable federal defense, and the applicability of *Getz* when raised in support of a defendant's colorable federal defense argument on removal. These are all issues of law that control determination of the removal issue in both this action and the many other actions in this district, and are therefore appropriate for the Ninth Circuit to address in an interlocutory appeal.

In opposition, Crane argues that an appeal will necessarily require the Ninth Circuit to "delv[e] into a detailed factual analysis of the affidavits and evidence presented [in] deciding whether that evidence comports with *Getz*." *See* Doc. No. 123, Crane Opp'n at 7-8. The court disagrees -- at issue is not the weight of the evidence, or even what the evidence establishes. Rather, at issue is, among other things, what evidence the court should consider in determining whether a defendant has properly removed pursuant to the § 1442, and what Defendants must establish to support a colorable federal defense in the failure-to-warn context. The

14

evidence Defendants have presented in this action is the same evidence presented

in the other *eleven* asbestos actions currently pending before this court, and is the

same evidence that has been presented to other district courts in support of removal

(see above).  And the court is certain that these same affidavits will continue to be

presented to this court and others as more asbestos actions are filed.  The Ninth

Circuit's *legal* determination of whether these affidavits should be considered and

whether Defendants have properly removed pursuant to § 1442 does not require

the Ninth Circuit to weigh the evidence or make factual determinations.  The court

therefore finds that Plaintiffs have carried their burden of establishing that the

April 16 Order addresses a controlling issue of law.

### 3. *Materially Advance the Ultimate Termination of the Litigation*

The requirement that an interlocutory appeal materially advance the

ultimate termination of the litigation is directed to the very purpose of § 1292(b) --

to "facilitate disposition of the action by getting a final decision on a controlling

legal issue sooner, rather than later [in order to] save the courts and the litigants

unnecessary trouble and expense."  *United States v. Adam Bros. Farming, Inc.*, 369

F. Supp. 2d 1180, 1182 (C.D. Cal. 2004); *see also In re Cement Antitrust Litig.*,

673 F.2d at 1026 (stating that § 1292(b) is used "only in exceptional situations in

which allowing an interlocutory appeal would avoid protracted and expensive

15

litigation").

   And most critical here, an interlocutory appeal is appropriate where resolution of the issue would materially advance the termination of not only the present case, but also other cases pending before the court. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990) ("[T]he impact that an appeal will have on other cases is a factor that we may take into account in deciding whether to accept an appeal that has been properly certified by the district court."); *Triax Co. v. United States*, 20 Cl. Ct. 507, 514 (1990) (determining that an interlocutory appeal would materially advance the litigation because reversal of the trial court would resolve the case and a large number of other cases); *see, e.g.*, *Al Maqaleh v. Gates*, 620 F. Supp. 2d 51, 55 (D. D.C. 2009) ("[I]nterlocutory appeal is warranted where the jurisdictional determination will impact numerous cases."); *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liability Litig.*, 399 F. Supp. 2d 320, 324 (S.D.N.Y. 2005) (stating that courts consider, in part, whether the certified issue has precedential value for a large number of cases); *Krangel v. Crown*, 791 F. Supp. 1436, 1449 (S.D. Cal. 1992) ("Certification for appeal may also materially advance the conclusion of other cases involving this same legal issue.").

   An interlocutory appeal of the April 16 Order will materially advance

the ultimate termination of this litigation, as well as the numerous other asbestos

actions that have been and will almost certainly be removed to federal court.

Specifically, a dispositive ruling on the removal issue will decide whether these

actions can proceed in federal court.  An interlocutory appeal will prevent a

potentially troublesome alternative -- that the parties in all of these actions (and

future actions) will proceed through discovery, trial and appeal only to have the

Ninth Circuit determine that the court has no jurisdiction.  Such result would

clearly not serve the interests of justice, resulting in a waste of both the court's and

the parties' time and expense, an outcome that will only be exacerbated by the

numerous cases presenting this same issue.

   In opposition, Crane argues that this factor is not met because an

appeal will not "lead to the ultimate termination of the litigation in all forums."

Doc. No. 123, Crane Opp'n at 8.  The court rejects that an interlocutory appeal

must be on a case-dispositive issue -- "neither § 1292(b)'s literal text nor

controlling precedent requires that the interlocutory appeal have a final, dispositive

effect on the litigation, only that it 'may materially advance' the litigation."  *Reese*

*v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  Rather, as

explained above, "an immediate appeal of the order would materially advance the

ultimate termination of the litigation in the sense that if the motion to remand were

granted, the federal courts would cede jurisdiction of this matter to the [Hawaii] state courts, effectively ending federal litigation of this case." *See Regal Stone*, 2012 WL 1595070, at *2.  The court therefore finds that Plaintiffs have established that an interlocutory appeal will materially advance the ultimate termination of this action.

### III.  <u>CONCLUSION</u>

In sum, Plaintiffs have established that an interlocutory appeal of the April 16, 2012 Order is necessary because (1) there are controlling questions of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation.  The court therefore GRANTS Plaintiffs' Motion for Leave to Take an Interlocutory Appeal from the April 16, 2012 Order.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 31, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Leite et al. v. Crane Co. et al.*, Civ. No. 11-00636 JMS/RLP, Order Granting Plaintiffs' Motion for Leave to Take an Interlocutory Appeal from Order Dated 4/16/12